727 So.2d 1183 (1998)
Larry ARD
v.
ORLEANS MATERIAL & EQUIPMENT.
No. 98-CA-0312.
Court of Appeal of Louisiana, Fourth Circuit.
December 29, 1998.
*1184 Sidney W. Degan, III, Foster P. Nash, III, Degan, Blanchard & Nash, New Orleans, for Defendant/Appellant.
Before BARRY, PLOTKIN and LANDRIEU, JJ.
LANDRIEU, J.
The issue in this workers' compensation appeal is whether the judge erred in awarding the claimant, Larry Ard, medical expenses, penalties, attorney fees, and costs after finding that Ard had forfeited his right to compensation benefits under La.Rev.Stat. 23:1208 by lying about his pre-existing epileptic disorder to doctors and his employer, Orleans Material & Equipment.
Ard filed a workers' compensation claim for compensation benefits, medical expenses, penalties, attorney fees, and costs after he was allegedly injured at work on February 17, 1995. Orleans Material defended the claim, in part arguing that Ard forfeited his right to benefits, because he had made false statements and/or misrepresentations regarding his prior medical condition to the court, to various physicians who had examined him, and to Orleans Material.
After trial, the workers' compensation judge ruled partially in favor of Ard and partially in favor of Orleans Material. The judge found that, although Ard was entitled to medical expenses from the date of his injury, he had forfeited his right to indemnity benefits under La.Rev.Stat. 23:1208 by failing to reveal his pre-existing epileptic seizure disorder. The judge also found that, because Orleans Material had given no reason for the initial denial of the claim, it had acted arbitrarily and capriciously in failing to pay Ard's medical expenses. The judge awarded Ard penalties of $2,000.00, attorney fees of $3,000.00, and costs.
In a workers' compensation case, the appellate court's review is governed by the manifest error or clearly wrong standard. Freeman v. Poulan/Weed Eater, 93-1530, pp. 4-5 (La.1/14/94), 630 So.2d 733, 737. In this case, Orleans Material argues the judge's decision was inconsistent: the judge awarded Ard medical benefits, yet found that he forfeited his right to compensation benefits because he had lied.
The 1996 version of La.Rev.Stat. 23:1208 provided in part:
It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions *1185 of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
* * * * * *
Any employee violating this Section shall, upon determination by [the workers' compensation judge], forfeit any right to compensation benefits under this Chapter.
Because Ard did not appeal the judge's finding that he had willfully made false statements or representations, that issue is not before us.
What is at issue is Ard's denial at trial, to various doctors, and to his employer that he ever had epilepsy or seizures, when, throughout his imprisonment in an Alabama jail from 1978 to 1993, he was treated for epilepsy. Ard attempted to explain the discrepancy before trial by asserting that there were two people with the name of Larry Ard in the Alabama prison. Once Orleans Material, through discovery, proved the claimant was the Larry Ard who had been treated for epilepsy, Ard then explained at trial that he had lied about his condition in prison to receive special privileges. These explanations are unconvincing.
To determine whether Ard is entitled to medical expenses notwithstanding the finding that he misrepresented his medical history and forfeited his compensation benefits, we must ascertain whether the statute's mandate of forfeiture of benefits includes medical benefits. Orleans Material's argument that medical benefits are included is sensible and correct.
The requirements for forfeiture of benefits under La.Rev.Stat. 23:1208 are that: (1) there is a false statement or representation; (2) it is willfully made; and (3) it is made for the purpose of obtaining or defeating any benefit or payment. Resweber v. Haroil Const. Co., 94-2708, 94-3138, p. 7 (La.9/5/95), 660 So.2d 7, 12. The statute applies to any false statement or misrepresentation, including one concerning a prior injury, made willfully by a claimant for the purpose of obtaining benefits. Id., p. 10, 660 So.2d at 14. La.Rev.Stat. 23:1208 is generally applicable once an accident has allegedly occurred and a claim is made. Id.
The statute, therefore, has been construed broadly as far as its applicability to statements that trigger forfeiture. Likewise, we can find no reason to limit its applicability to only some types of compensation benefits and exclude medical benefits. In LeBlanc v. Grand Isle Shipyard, Inc., 95-2452 (La.App. 1 Cir. 6/28/96), 676 So.2d 1157, the court determined that La.Rev.Stat. 23:1208 required the forfeiture of all compensation benefits, not only those benefits attributable to the time period after the claimant made a false statement. Thus, in LeBlanc, the trial judge's awards of temporary total disability benefits and supplemental earning benefits, as well as medical and transportation expenses, were reversed. We agree with the LeBlanc court that forfeiture of all benefits means all benefits.
The next argument offered by Orleans Material is that the judge erred in assessing penalties and attorney fees against it, after finding that the company was arbitrary and capricious in failing to pay Ard's medical benefits following his injury. Orleans Material contends La.Rev.Stat. 23:1201 prohibits the judge's finding, because the statute allows the employer to "reasonably controvert" a claim for compensation.
Orleans Material asserts that Ard's claim was reasonably controverted once Ard made misrepresentations. In other words, Orleans Material argues that the trial judge's decision to deny benefits is a sufficient basis on which to find that the company "reasonably controverted" Ard's claim. Therefore, Orleans Material contends, the award of penalties and attorney fees is unreasonable and should be reversed. The record is unclear as to when Orleans Material discovered that Ard was lying about his medical condition. Instead of suggesting that Orleans Material all along questioned Ard's veracity about his medical condition, the record indicates that Orleans Material only questioned whether Ard was in fact disabled by a work-related accident.
Although we do not agree with the rationale offered by Orleans Material, we do concur that the assessment of penalties and *1186 attorney fees must be reversed. The award is erroneous, because, once La.Rev.Stat. 23:1208 is found applicable and benefits are forfeited, the question of whether the employer was arbitrary and capricious in denying benefits or untimely in paying benefits becomes moot. Hence, the assessment of penalties and attorney fees against Orleans Material is reversed.
In light of our conclusions, we also reverse the trial judge's assessment of costs against Orleans Material.
Accordingly, the judgment on appeal is affirmed with regard to the forfeiture of Ard's compensation benefits. The judgment is reversed with regard to award of medical expenses and the assessment of penalties, attorney fees, and costs against Orleans Material.
AFFIRMED IN PART; REVERSED IN PART.