hBYRNES, Judge.
In this worker’s compensation case Susanne Neely appeals a judgment that determined that she forfeited her right to recover benefits. We affirm.
On March 30, 1995, Ms. Neely was hired by CA-1 Services as a cashier. In her claim for compensation Ms. Neely asserts that on September 7, 1997, while working in an airport facility as an expediter, she injured her back when she slipped in water leaking from a water cooler. (Ms. Neely previously had slipped in water at the same water cooler on February 2, 1996 and had been taken to the Kenner Regional Medical Center on February 3, 1996.)
After the September 7, 1997 incident, Ms. Neely was seen at the emergency *909 room at Kenner Regional Medical Center. Ms. Neely’s employer referred her to Dr. Larry Hamilton and Dr. Robert Mimeles. On October 8, 1997, an MRI confirmed a “L5-S1 disc protrusion, type 11(a) subliga-mentous disc herniation, and a small L4-L5 disc bulge.”
laOn October 27, 1997, Dr. Mimeles found that Ms. Neely could return to work on light duty, with the additional restriction of no bending, stooping or lifting. On January 14, 1998, Ms. Neely returned to work with CA-1 Services.' CA-1 Services asserts that on April 4, 1998, it terminated Ms. Neely for reasons unrelated to the accident.
At the time of her accident Ms. Neely was earning $6.47 per hour, with an average weekly wage of $258.80, which resulted in a weekly compensation rate of $172.58. CA-1 Services paid compensation benefits from September 7, 1997 through January 13, 1998. Ms. Neely notes that CA-1 Services did not pay her disability benefits after terminating her on April 4, 1998, and it did not offer her vocational rehabilitation or assistance in locating a job where plaintiff asserts that Dr. Mimeles assigned her permanent work restrictions.
On July 4, 1998 a compensation suit was filed on Ms. Neely’s behalf against CA-1 Services. Prior to trial CA-1 Services amended its pretrial statement to assert that Ms. Neely forfeited her right to benefits due to an alleged misrepresentation concerning prior chiropractic care. After a trial on March 18, 1999, the workers’ compensation judge found that Ms. Neely was injured by the accident during the course and scope of her employment by CA-1 Services on September 7, 1997. However, the workers’ compensation judge declared that Ms. Neely forfeited her right to recover back due benefits and receive future benefits pursuant to La. R.S. 23:1208 because of | ¡¡her willful misrepresentation of prior treatment by a chiropractor in the past. Ms. Neely’s appeal followed.
On appeal Ms. Neely contends that the workers’ compensation judge erred in: (1) finding that she forfeited her benefits; and (2) failing to award penalties, costs and attorney’s fees.
Ms. Neely argues that she made no misrepresentations to obtain benefits. Plaintiff claims that the only evidence at trial concerning fraud consisted of an undated notation by an unidentified individual contained in the records produced by River Parishes Hospitals. The alleged discrepancy conflicted with plaintiffs deposition and trial testimony that she was never treated by a chiropractor. Plaintiff notes that the statement was not dated and plaintiff denied making the statement to a nurse.
Ms. Neely asserts that the workers’ compensation judge erred in finding that Ms. Neely forfeited her right to worker’s compensation benefits pursuant to La. R.S. 23:1208 which provides in pertinent part:
It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
H* * *
E. Any employee violating this Section shall, upon determination by workers’ compensation judge, forfeit any right to compensation benefits under this Chapter.
In Resweber v. Haroil Construction Company, 94-2708 (La.9/5/95), 660 So.2d 7, the Louisiana Supreme Court made the following requirements for forfeiture of benefits:
L(l) there is a false statement or representation;
(2) it is willfully made; and
(3) it is made for the purpose of obtaining or defeating any benefit or payment.
*910 In Varnado v. Winn-Dixie Louisiana, Inc., 98 0301 (La.App. 1 Cir. 9/25/98), 720 So.2d 66, 71, the plaintiff who had suffered a back injury, forfeited her benefits because she denied having prior low back pain before the accident; however, evidence showed that he had been treated by another medical doctor and chiropractor for previous low back injuries. She willfully made false statements regarding her prior back injuries and treatment for the purpose of obtaining workers’ compensation benefits, resulting in his forfeiture of any rights to benefits.
In Bass v. Allen Cannery Company, Inc., 30,635 (La.App. 2 Cir. 6/26/98), 715 So.2d 142, unit denied, 98-2069 (La.11/6/98), 728 So.2d 395, the plaintiff denied a prior history of injury and medical treatment in her deposition. At trial she claimed she did not understand the questions. Her false statements bore directly on the issue of whether she sustained a work related injury, and her misstatements were made to obtain workers’ compensation benefits. She forfeited any claim for benefits.
In Menard v. Mama’s Fried Chicken, 97-488 (La.App. 3 Cir. 3/6/98), 709 So.2d 303, writ denied, 98-0956 (La.6/5/98), 720 So.2d 681, the appellate court found that the employer was clearly prejudiced by the plaintiffs misstatements although Reswe-ber, supra, did not require that the employer prove prejudice as a result of false statements in order for the plaintiff to forfeit benefits under La. R.S. 23:1208.
In the present case Ms. Neely testified that she injured her back on two occasions while working for CA-1 Services. The incidents occurred on February |K2, 1996 and September 7, 1997. CA-1 Services asserts that during her deposition, Ms. Neely twice denied having seen a chiropractor in the past. However, Ms. Neely was seen in the emergency room of River Parishes Hospital on November 1, 1995, three months before the date of the first on-the-job injury. The emergency room record of that visit was introduced into evidence as a joint exhibit. The record shows that Ms. Neely complained of “mod (moderate) Is (lumbosacral) tenderness all along the lumbar spine,” and Ms. Neely was diagnosed with back pain and urinary tract infection. The records show a notation that Ms. Neely had seen a chiropractor and had been told that she had “poss (possible) slipped disc and myospasm.”
A different emergency room record from a different hospital, Kenner Regional Medical Center, shows that Ms. Neely was seen on February 3, 1996, the day after her first alleged injury at work. That record notes that “hx (history) back pain, w/u (workup) and tx (treatment) by chiropractor in past.”
CA-1 Services asserts that Ms. Neely willfully made a false statement or representation for the purpose of obtaining workers’ compensation benefits or payment for her injury. After Ms. Neely denied seeing a chiropractor twice during her deposition, at trial Ms. Neely explained that she only saw a chiropractor once with her roommate for a free exam. She asserted that it was a “scam,” she was never treated, and the examination was not for a back condition.
When she went to the emergency room at River Parishes Hospital on November 1, 1995, three months before the date of the first on-the-job injury, Ms. Neely avers that her back pains were due to a urinary track infection. However, she did not mention the urinary track infection when she went to the emergency room of Ken-ner Regional Medical Center on February 3, 1996, the day after her first injury at work. Ms. Neely stated that she was given a shot of penicillin for the |fiurinary infection; however, the Rivers Parish Hospital emergency room record did not show that she was given penicillin on November 1 or 2,1995, three months prior to her first injury at work.
CA-1 Services points out that regardless of why and how many times Ms. Neely saw a chiropractor, CA-1 was prejudiced by *911 not learning the identity of the chiropractor and by not having the opportunity to investigate the extent of any treatment by the chiropractor.
Ms. Neely argues that the notation in the emergency room record was made by an unidentified person. She denied hearing the words “slipped disc” before they were used by Dr. Mímeles after the 1997 accident. Ms. Neely claims that she did not make the remark to an unidentified person that she had a slipped disc but that the unidentified person made the remark.
Ms. Neely avers that not a single witness, affidavit or deposition was produced to counter Ms. Neely’s testimony. However, in her brief, Ms. Neely only referred to the November 1,1995 River Parishes Hospital emergency room record. The February 3, 1996 Kenner Regional Medical Center emergency room record also had a notation referring to prior chiropractic treatment. Further, both of these emergency room records were admitted into evidence as joint exhibits without the objection of Ms. Neely.
In a workers’ compensation case, as in other cases, we are bound by the manifest error rule and we may not set aside the factual findings of the workers’ compensation judge absent a finding by this court that they are clearly wrong or manifestly erroneous. Rivera v. West Jefferson Medical Center, 96-152, 96-153, p. 14 (La.App. 5 Cir. 7/30/96), 678 So.2d 602, 610, Vilimado v. Winn-Dixie Louisiana, Inc., swpra. Where findings of fact are based upon a credibility determination, a fact finder’s decision to credit the testimony of one or two or more |7witnesses can virtually never be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989); Bass v. Allen Cannery Company, Inc., supra.
Based on the record, we find no manifest error in the workers’ compensation judge’s findings of fact and find no error in the workers’ compensation judge’s conclusion that Ms. Neely willfully made false statements and representations regarding her medical history for the purpose of obtaining compensation benefits. Because of the discrepancies in her testimony, we cannot say the workers’ compensation judge’s dismissal of Ms. Neely’s claim based on a forfeiture of benefits under La. R.S. 23:1208 is erroneous.
This finding precludes a review of Ms. Neely’s claim for penalties, costs and attorney’s fees.
Accordingly, the workers’ compensation judgment is affirmed.

AFFIRMED.