h DAVID S. GORBATY, Judge.
The Housing Authority of New Orleans appeals a judgment of the Office of Workers’ Compensation Administration, in which Richard Allen was awarded supplemental earnings benefits, continued medical treatment, penalties and attorney’s fees, and appellant was denied its request for forfeiture of claimant’s benefits pursuant to La.Rev.Stat. 23:1102. For the following reasons, we reverse the judgment of the trial court, and remand for further proceedings.
FACTS:
Richard Allen began working for the Housing Authority of New Orleans (HANO) in March 1997. His duties as a licensed plumber included installing and repairing plumbing facilities throughout the Desire Housing Project. On July 7, 1997, Mr. Allen was assigned to install a toilet at an apartment within the housing development. While lifting the old toilet off of the floor flanges, the porcelain tank broke, and Mr. Allen sustained a severe cut to his left wrist. He applied pressure to the cut, and walked back to the HANO office located about five or six blocks away. A police officer stationed at a sub-station drove Mr. Allen to Tulane Medical Center. The emergency room personnel stopped the bleeding; however, there were no surgeons available to repair his wounds at that time. On Monday morning, Dr. Kyle Dickson reattached two | gligaments and repaired an artery.
On April 7, 1998, Dr. Dickson released Mr. Allen to return to work. He did not *891 return to work until May 11, 1998, after receiving a “return to work notice” from HANO. On his first day back, he was ordered to install a toilet in an apartment. While attempting the job, Mr. Allen’s supervisor visited the job and noted that Mr. Allen’s wrist was swelling. The supervisor told him to stop work for safety reasons. In early June 1998, Mr. Allen was informed by HANO that he was fired. The reason stated was “unavailable to return to full duty status.” HANO placed him on weekly disability benefits and authorized vocational rehabilitation. Mr. Allen testified that he met with a vocational technical officer on one occasion and discussed his returning to work in HANO’s engineering division. He claims that he never heard from HANO again after that initial meeting. HANO terminated Mr. Allen’s weekly disability benefits on September 1, 1998.
Mr. Allen filed a claim seeking weekly disability benefits from the date of termination and costs, penalties and attorney’s fees due to HANO’s failure to reasonably controvert his claim for ongoing disability benefits. Alternatively, penalties and attorney’s fees were sought due to HANO’s arbitrary and capricious behavior in terminating benefits, and failure to reinstate benefits once information was provided concerning the extent of the injury and the ongoing disability.
| aAfter trial and submission of post-trial memoranda, the workers’ compensation judge rendered judgment against HANO awarding Mr. Allen supplemental earnings benefits, continued medical treatment, penalties and attorney’s fees. Additionally, HANO’s request for forfeiture of benefits was denied.[1]
DISCUSSION:
Although broken down into numerous assignments of error, HANO has basically three complaints with the trial court’s judgment. First, it claims that Mr. Allen should be denied benefits because he failed to notify HANO of a third-party suit in which he was involved, and/or to obtain HANO’s approval of the settlement of that suit. Second, HANO claims that Mr. Allen should forfeit his right to receive benefits because he gave inconsistent statements during the course of this litigation sufficient to warrant imposition of La.Rev. Stat. 23:1208. Specifically, HANO claims that Mr. Allen gave inconsistent statements with regard to the aforementioned lawsuit, versions of how the on-the-job injury occurred, and work he performed and income he earned following the injury. Third, it was error for the trial court to assess penalties and interest against HANO because it did not act arbitrarily and capriciously in terminating Mr. Allen’s benefits.
Factual findings in a workers’ compensation suit are subject to the manifest error/clearly wrong standard of review. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556. Ordinarily, where |4there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. Stobart v. State of La., 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La. 1989). However, where documents or objective evidence so contradict a witness’s story, or the story itself is so internally inconsistent or implausible on its face that a reasonable fact-finder would not credit the witness’s story, the court of appeal may find manifest error even in a finding purportedly based upon a credibility determination. Stobart, supra; Rosell, supra. Further, the re- *892 viewing court has a constitutional duty to review the facts and to determine if the facts support the trial court’s judgment. Ambrose v. New Orleans Police Dep’t Ambulance Serv., 98-3099 (La.7/5/94), 639 So.2d 216. Based on this constitutional duty, we have reviewed the record in its entirety and find that Mr. Allen willfully made false statements for the purpose of obtaining benefits. Thus, the trial court clearly erred when it awarded him additional benefits, penalties and attorney’s fees.
We do not find that HANO’s arguments regarding Mr. Allen’s failure to notify it of the prior lawsuit or its settlement have merit. On that point, we agree with the trial court’s factual finding that the automobile accident in 1996 was in no way related to his work accident in July 1997. However, we do find merit in HANO’s claims that Mr. Allen made false statements regarding his ability to work and his monthly income following the work accident, and that he should therefore forfeit his rights to benefits pursuant to La.Rev. Stat. 23:1208.
| rAIso, HANO claims that it is entitled to reimbursement from Mr. Allen for benefits paid while he was working.
Louisiana Revised Statute 23:1208 provides in pertinent part:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, ... to willfully make a false statement or representation.
[[Image here]]
D.... [A]ny person violating the provisions of this Section ... may be ordered to make restitution. Restitution may only be ordered for benefits claimed or payments obtained through fraud and only up to the time the employer became aware of the fraudulent conduct.
E. Any employee violating this Section shall, upon determination by workers’ compensation judge, forfeit any right to compensation benefits under this Chapter.
The Supreme Court has interpreted this statute to mean that forfeiture shall be ordered if the employer or insurer proves that a claimant willfully made false statements or representations for the purpose of obtaining workers’ compensation benefits. Resweber v. Haroil Const. Co., 94-2708, 94-3138, p. 7 (La.9/5/95), 660 So.2d 7, 12; Ard v. Orleans Material & Equipment, 98-0312, p. 3 (La.App. 4 Cir. 12/29/98), 727 So.2d 1183. 1185. The statute refers to any false statement or misrepresentation made willfully by a claimant for the purpose of obtaining benefits. Resweber, supra at p. 10, 660 So.2d at 14; Ard, supra. The statute has been interpreted broadly in its application to statements that trigger forfeiture. Ard, supra.
In Trapani v. Domino Sugars, 95-2529. (La.App. 4 Cir. 6/5/96), 675 So.2d 1211, this Court stated that La.Rev.Stat. 23:1208 is clear and unambiguous, and | (¡that its purpose was to prevent and discourage fraud within the workers’ compensation system. Thus, once it has been determined that a false statement or representation has been made, the workers’ compensation judge must make a factual determination as to whether, based on the record, the statement or representation was willfully made “specifically to obtain benefits, and thus to defraud the workers’ compensation system.” Rapp v. City of New Orleans, 98-1714 to 98-1730, p. 11 (La.App. 4 Cir. 12/29/99), 750 So.2d 1130, 1139, unit denied 2000-0353 (La.4/7/00), 759 So.2d 761.
*893 In the instant case, HANO argued both at trial and in its post-trial memorandum that Mr. Allen had lied about numerous issues on numerous occasions. Despite these arguments, with clear record reference to the statements at issue, the trial court did not find that Mr. Allen should forfeit his rights to benefits or that HANO was due restitution for benefits already paid.
A review of the record indicates that HANO propounded interrogatories to Mr. Allen in January of 1999, requesting information about his work history and income since the accident. Mr. Allen responded that, other than the half day he attempted to return to work for HANO, he had not worked at all. HANO deposed Mr. Allen in July of 1999. When asked about his work history since the July 1997 injury, Mr. Allen responded that he was not currently employed, and had not worked at all since the injury. He tried to so some small jobs “here and there” for a contractor for whom he worked prior to the injury, but was unable to do so. He admitted that the contractor paid him a nominal amount in cash for attempting the l7jobs. However, at trial in April 2000, Mr. Allen admitted under direct examination by his counsel that he had been working since the accident, doing small jobs for family members such as unclogging drains and fixing faucets. He testified that he earned approximately $300 per month doing these small jobs, and may have also completed one or two jobs for the contractor he worked for prior to the injury. He testified that he was presently self-employed as a plumber.
In Neely v. CA-1 Services, 99-1850 (La.App. 4 Cir. 3/15/2000), 758 So.2d 908, this Court affirmed a judgment finding that the claimant willfully made false statements regarding her medical history to obtain benefits. The claimant argued that the trial court erred because there was insufficient evidence to support her former employer’s assertion that she had lied about previous medical care for her back. The claimant denied both in deposition and at trial that she had ever seen a chiropractor for back care. However, the employer produced medical records indicating that she had been treated on numerous occasions for back care prior to her work-related injury. This Court found that the trial court was not manifestly erroneous in its finding because there was sufficient evidence in the record to support that finding.
In Bass v. Allen Cannery Co., Inc., 30,-635 (La.App. 2 Cir. 6/26/98), 715 So.2d 142, the claimant in deposition testimony denied having any prior injuries or medical treatment. When questioned at trial, she claimed that she had not understood the questions posed at her deposition. The court found that her false statements bore directly on the issue of whether she sustained a work related |Rmjnry, and her misstatements were made to obtain benefits. The court ordered that she forfeit all rights to benefits, and the Second Circuit affirmed.
In Sumner v. Lake Charles Marine, 96-280 (La.App. 3 Cir. 6/5/96), 676 So.2d 653, the trial court found that the claimant must forfeit benefits because he gave conflicting testimony in his deposition and at trial. The Third Circuit reversed, finding that the claimant’s lack of education, the severe pain he suffered due to his employer’s refusal to authorize pain management, his resulting depression, and the long delay between the time of the injury and the deposition, established that his conflicting statements were not made willfully.
We conclude that the record evidence supports a finding that Mr. Allen misrepresented his work history and income for the purpose of obtaining benefits. No ex *894 planation was offered at trial or in brief as to why Mr. Allen’s testimony was so radically different during discovery and at trial. In fact, no argument at all is contained in appellee’s brief regarding the issue of Mr. Allen misrepresentations about his work history and income since his accident. The record indicates that Mr. Allen had a high school diploma, some college credit, and had worked for the Army Corps of Engineers for many years prior to his job with HANO. There is no evidence that Mr. Allen’s pain was such that he could not think clearly while testifying. Thus, it is evident that he lied about his work history in an effort to continue to receive disability benefits. Ironically, if Mr. Allen had been truthful, he would have been entitled to supplemental earnings benefits until such time as he could earn at least 90% of his pre-injury wages. However, the language of La.| flRev.Stat. 23:1208 is mandatory, and, as such, Mr. Allen must forfeit his rights to all compensation benefits.
We also find that because Mr. Allen admitted at trial that he continued working on his own soon, if not immediately after his injury, HANO is entitled to restitution for benefits paid. Therefore, we remand this matter for the trial court to determine the amount of restitution in accordance with the provisions of La.Rev. Stat. 23:1208 D.
HANO also appeals the trial court’s assessment of penalties and attorney’s fees against it for arbitrarily and capriciously terminating benefits. Once La.Rev.Stat. 23:1208 is found applicable and benefits are forfeited, the question of whether the employer acted arbitrarily and capriciously becomes moot. Ard, supra at p. 4, 727 So.2d 1183, 1186. Thus, because we find that Mr. Allen forfeited his right to receive compensation benefits, we reverse the trial court s assessment of penalties and attorney’s fees.
Accordingly, pursuant to La.Rev.Stat. 23:1208, because we find the record clearly supports a finding that Mr. Allen willfully made false statements for the purpose of obtaining benefits, we reverse the judgment of the trial court awarding him supplemental earnings benefits, continued medical treatment, and penalties and attorney’s fees. Further, we remand this matter to the trial court for a determination of the amount of benefits owed to HANO in restitution pursuant to La.Rev. Stat. 23:1208 D.
ImREYERSED AND REMANDED.
MeKAY, J., dissents.

. The record indicates that HANO made a written request for findings of fact and written reasons for judgment, but neither is contained in the record.