PER CURIAM.
11 Writ granted. The judgment of the court of appeal is reversed and the trial court judgment granting summary judgment in favor of defendants in reinstated.
After plaintiffs mother, Cynthia Tuck-son, was killed by an oncoming train as she attempted to walk across the railroad tracks at Taylor Street in Kenner, plaintiff filed suit against the railroad and the City of Kenner alleging that they had a duty to install an active warning signal to visually alert those using the crossing that a train was approaching. The defendants’ filed motions for summary judgment, alleging that the undisputed facts established that they breached no duty owed to Ms. Tuck-son, and no culpable act of omission caused or contributed to the harm she suffered. Defendants introduced a video from a camera mounted on the dash of the train which captured in real time the accident and the approach of the train to the crossing. The video shows Ms. Tuckson walking directly in front of the train without once looking in either direction to ascertain whether rail traffic was approaching. A photograph showed the adequacy of the sight line available to Ms. Tuckson at the crossing. Plaintiff admitted in discovery that “if plaintiffs decedent Cynthia Tuckson had | ^stopped at the post mounted cross buck sign and looked both ways for approaching rail traffic traveling on the IC tracks she could have seen IC’s approaching train before she walked up on to the tracks in front of the approaching train.” Plaintiff also admitted that “plaintiffs decedent Cynthia Tuckson could have looked both ways for approaching rail traffic on the IC tracks from a location which would not have placed her in a position to be struck by a passing train.” In addition, plaintiff admitted that “the cross buck signs located at the Taylor Street grade crossings were installed and maintained by IC in compliance with La. R.S. 32:169.”
The district court granted summary judgment in defendants’ favor, finding as follows:
*13 this crossing was not a dangerous trap, and plaintiffs mother had ample opportunity from a position of perfect safety to see what she should have seen had she simply looked as she was legally obligated to do.
A summary judgment is reviewed de novo, with the appellate court using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate, ie., whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. Samaha v. Rau, 07-1726 (La.2/26/08), 977 So.2d 880, 882-88.
Louisiana law requires the installation of cross-bucks at all public roadway crossings over which the railroad carrier operates. La. R.S. S2:169(A). Plaintiff admitted in discovery that the cross-buck signs located at the Taylor Street grade crossing were installed and maintained in compliance with La. R.S. 32:169. The only remaining issue was for the district court to determine whether defendants owed any further duty to warn roadway users of the presence of the crossing, which required an analysis of whether this crossing constituted a “dangerous trap.” Glisson v. Missouri Pac. R. Co., 246 La. 470, 165 So.2d 289 (1964). As correctly recognized by the court of | ¡¡appeal “[t]o find a ‘dangerous trap’ requires a fact determination that the view of the roadway is so obstructed as to require the user to place himself in a position of peril dangerously near the tracks to have a view of any oncoming traffic.” Op. at 12-18. Even the court of appeal recognized as an uncontested fact that “if she had stopped at the cross buck sign [12-15 feet away from the nearest rail] and looked both ways for approaching rail traffic, she could have seen the oncoming train before she walked up on the tracks in front of the train ...” The uncontested facts showed that she did not have to place herself in a position of peril in order to see the oncoming train and that she simply did not look in either direction before crossing the tracks. In granting summary judgment in favor of defendants, the district court simply applied the uncontested facts to the applicable substantive law.
While this matter involved a tragic accident, based on the evidence presented, we find there existed no genuine issue of material fact that if proven at the trial would or could, under the duty-risk analysis, demonstrate either defendants’ liability for the fatal accident. Accordingly, the judgment of the court of appeal is reversed and the case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
JOHNSON, C.J., dissents.