CRAIN, J.,
concurring.
hi agree that Strategic proved its entitlement to summary judgment and that he judgment should be affirmed. I write separately to clarify the summary judgment standard and applicable standard of review, and to expressly disagree with the comments made in Footnote 1.
I find no basis for interpreting Louisiana Code of Civil Procedure article 966(F)(2) to authorize credibility determinations in deciding motions for summary judgment, as is suggested in Footnote 1. After its amendment by Acts 2013, Number 391, Section 1, Article 966(F)(2) pertinently provides that “[ejvidence cited in and attached to the motion for summary judgment or memorandum filed by an adverse party is deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection made-in accordance with Subparagraph (3) of this Paragraph.” It provides only that the described, attachments will be admitted for purposes of the motion without an appropriate objection. The amendment did not otherwise change the summary judgment standard, and it is axiomatic that in deciding motions for summary judgment courts cannot make credibility determinations. See, e.g., Hutchinson v. Knights of Columbus, Council No. 5747, 03-1533 (La.2/20/04), 866 So.2d 228, 234. Further, appellate review of summary judgments is, without question, de novo. See Davis v. Canadian Nat. Ry., 13-2959 (La.4/17/14), 137 So.3d 11, 13.
A forfeiture claim under Louisiana Revised Statute 23:1208 is appropriate for resolution by way of summary judgment. See Morris v. Textron Marine and Land Systems, Inc., 14-0293 (La.App. 1 Cir. 9/24/14), 155 So.3d 21, 23, writ denied, 14-2223 (La.1/9/15), 157 So.3d 1108; Johnson v. Pinnergy, Ltd., 46,188 (La.App, 2 Cir. 4/13/11), 63 So.3d 302; Edwards v. Southeastern Freight Lines, Inc., 14-871 (La. App. 3 Cir. 2/4/15), 158 So.3d 227, 237; Louisiana-I Gaming v. Rogers, 10-1050 (La.App. 5 Cir. 9/27/11), 76 So.3d 81, 82, writ denied, 11-2789 (La.2/17/12), 82 So.3d 291. A party moving for summary judgment and seeking forfeiture of benefits has the burden of establishing that no material facts are in dispute and that under the undisputed facts, the claimant willfully made false statements and representations for the purpose of obtaining workers’ compensation benefits in violation of Louisiana Revised Statute 23:1208. See Revere v. Dolgencorp, Inc., 04-1758 (La.App. 1 Cir. 9/23/05), 923 So.2d 101, 104. Inherent in the1 resolution of any forfeiture case is a determination of whether the false representation was willfully made. If the evidence presented does not undisputedly establish that false representations were willfully made, then summary judgment is *422 not appropriate. Revere, 923 So.2d at 107. The amendment to Article 966 regarding the evidence to be considered did not change this.
In this case, Strategic offered evidence including video surveillance footage, to which Ms. Watson offered no objection. Pursuant to Article 966(F)(2), then, the evidence was deemed admitted for purposes of the motion. After considering the relevant evidence de novo, I agree that Strategic met its burden of proof on the motion and Ms. Watson failed to present evidence to show that there existed a material fact in dispute so as to preclude summary judgment.