h MURRAY, Judge.
Home Furnishing Store and it insurer, Homestead Insurance Company, appeal a judgment of the Office of Workers’ Compensation awarding Felipe Lopez temporary total disability benefits, penalties for his employer’s failure to timely pay benefits and medical expenses, and attorney’s fees. For the following reasons, we affirm.
FACTS:
Felipe Lopez made a claim for workers’ compensation benefits and payment of his medical expenses after he allegedly sustained a lower back injury on December 24,1997, while working for Home Furnishing Store. Mr. Lopez testified at the hearing [1] that he was attempting to lift a 4 by 8 sheet of plywood to fasten it to a door, when he felt a sharp pain in his lower back. He notified his employer, Mr. Hal-pern, that he had been injured, but was told to take two aspirins. On the next working day, Mr. Lopez was assigned to sandpaper furniture, but he could not work because of the pain. Mr. Halpern ordered him to go home. Mr. pLopez asked to see a doctor, but Mr. Halpern refused, telling him he would have to pay for his own medical care.
Mr. Lopez saw Dr. Jose Garcia on December 27, 1997, and reported that he had injured his back at work while lifting plywood. Mr. Lopez denied having any prior back problems. Dr. Garcia’s notes indicate that he prescribed pain medication and recommended warm baths. Mr. Lopez returned on December 29 as instructed, reporting that he was much better. However, at his January 3 visit, Mr. Lopez again complained of pain, and Dr. Garcia noted that he had muscle spasms in the lower back area. He diagnosed Mr. Lopez with a muscular strain, and recommended that he be x-rayed. Mr. Lopez went to the Medical Center of Louisiana on January 5 for x-rays and to make an appointment to see an orthopedist. At his January 12 visit to Dr. Garcia, it was noted that he still had muscle spasms and a limited range of motion. He was unable to return to work.
On January 28, Dr. Michael LaSalle saw Mr. Lopez at the Medical Center of Louisiana. Dr. LaSalle’s notes indicate that Mr. Lopez gave a history of lower left back pain radiating to his left knee. He was tender on palpation just left of the midline at L-5/S-1. Dr. LaSalle prescribed analgesics and physical therapy. Mr. Lopez received physical therapy at the Medical Center of Louisiana on February 6, 10, 17, 20, 25, 27, and March 1, 11, 13, 1998.
Mr. Lopez testified that he went to work for Canal Demolition in March of 1998, after completing his physical therapy. He had to quit, however, because of back pain. He then went to work for Ceco Concrete Construction in late May. He Lclaimed that he had to quit that job also because of back pain. At the time of trial, he had moved to Mississippi and was working for Tyson Chicken. On cross-examination Mr. Lopez denied being injured on any job subsequent to the complained of accident and denied seeing any other doctors in connection with this claim. After further questioning, he admitted that someone at Ceco gave him some pills for back pain, but the pain was from the December 1997 injury.
Karen Kennedy, the office administrator for Ceco, testified that Mr. Lopez began working for her company on May 28, 1998. On August 7, he reported that he had been injured the previous afternoon in an unwit-nessed accident while lifting a 4 by 8 piece of plywood onto a stack for shipping. Mr. Lopez was sent to the company doctor who diagnosed a lumbar strain. The doctor recommended light duty work until Mr. Lopez was discharged on August 17. Mr. Lopez quit his job with Ceco on August 26 for other employment.
*887 In post-trial argument, counsel for Home Furnishing argued that because Mr. Lopez lied at trial and in answers to interrogatories about a subsequent injury at Ceco Concrete, and because the accident at Ceco was virtually identical to the subject accident, suggesting fabrication, Mr. Lopez should be denied all benefits pursuant to La.Rev.Stat. 23:1208. The court questioned Mr. Lopez about his understanding of the workers’ compensation laws, and determined that although Mr. Lopez did make a false statement, he did not do so with the purpose of obtaining benefits. She rendered judgment awarding Mr. Lopez temporary total disability payments from the date of the accident through March 4, 1998, when he |4began working for the demolition company, following the completion of physical therapy that was prescribed in connection with the incident at Halpern’s. Additionally, she awarded $2,000 for Home Furnishings’ failure to pay benefits, $2,000 for failure to pay medical expenses, and $2,000 in attorney’s fees, and ordered Home Furnishings to pay Mr. Lopez’s past medical expenses.
DISCUSSION:
Home Furnishing assigns as error the trial court’s factual finding that Mr. Lopez’s false statements in connection with his workers’ compensation claim were not made to secure benefits.
Factual findings in a workers’ compensation case are subject to the manifest error/clearly wrong standard of review. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556. Applying this standard, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. Stobart v. State of La., 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989). Notwithstanding, the reviewing court has a constitutional duty to review facts and to determine if the facts support the trial court’s judgment. Ambrose v. New Orleans Police Dep’t Ambulance Serv., 93-3099 (La.7/5/94), 639 So.2d 216.
Louisiana Revised Statute 23:1208, as in effect on the date of Mr. Lopez’s accident, provided in part:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
i ‡ ‡ ‡ $ :¡; Ja
E. Any employee violating this Section shall, upon determination by a hearing officer, forfeit any right to compensation benefits under this Chapter.
Pursuant to the statute, forfeiture shall be ordered if the employer or insurer proves: “1) a false statement or representation, 2) which is willfully made, and 3) which is made for the purpose of obtaining workers’ compensation benefits.” Resweber v. Haroil Construction Co., 94-2708, p. 11 (La.9/5/95), 660 So.2d 7, 14. The statute does not require the forfeiture of benefits for any false statement, but only for false statements made willfully for the purpose of obtaining benefits. The relationship between the false statement and the pending claim will be probative in determining whether the statement was made willfully for the purpose of obtaining benefits. Id.
In the instant case, the trial court determined that Mr. Lopez had lied, but decided after questioning him, that the lie was not told for the purpose of obtaining benefits.
THE COURT:
Mr. Lopez, are you familiar with the Workers’ Compensation laws of Louisiana?
THE WITNESS:
The first time I heard about it.
THE COURT:
*888 Tell me this, do you know whether or not you can get Workers’ Compensation benefits if you are working?
THE WITNESS:
IfiNo. No, I do not know, [he says.][2]
On the record, the trial court explained that it did not believe Mr. Lopez understood the workers’ compensation laws sufficiently to form the requisite intent to defraud. Additionally, the incident about which he lied took place after the subject accident, while he was working for a subsequent employer. The trial court was apparently impressed with the fact that Mr. Lopez had not lied about returning to work, a fact that terminated his right to benefits on the initial claim. Therefore, the false statements were inconsequential to the instant claim.
The trial court was in the best position to evaluate Mr. Lopez’s demeanor and to assess his credibility. Based on the record, we cannot say the trial court was manifestly erroneous in its factual finding on this issue.
Home Furnishing also argues that the trial court committed reversible error in finding that Mr. Lopez carried his burden of proving that a compensable injury occurred, especially in light of his claim of an identical accident while working for Ceco. Home Furnishing argues that because the facts surrounding each accident are virtually identical, Mr. Lopez must be lying about both.
Mr. Lopez furnished the trial court with medical records indicating that he saw his personal physician for several visits after the December 24, 1997, injury. Dr. Garcia made several objective findings of injury, including muscle spasm, prescribed medication for Mr. Lopez, recommended that he obtain x-rays, and that he see an orthopedic. Mr. Lopez consulted an orthopedist who diagnosed a lumbar strain, and prescribed additional medication and physical therapy. Mr. Lopez |7attended nine physical therapy sessions. We find this medical evidence sufficient to support his claim that he was injured on December 24, 1997.
Home Furnishing also argues that the trial court erred in awarding penalties and attorney’s fees. It contends that it was justified in not paying benefits because it adequately proved that Mr. Lopez was involved in a fraudulent scheme to obtain benefits. Therefore, pursuant to La.Rev.Stat. 23:1208, Mr. Lopez should forfeit all rights to penalties and attorney’s fees, along with his right to benefits. However, we find that Mr. Lopez sufficiently proved his claim for benefits. Further, we find that Home Furnishing refused all medical treatment and benefits to Mr. Lopez long before it discovered any “scheme.” Unlike Ard v. Orleans Material & Equipment, 98-0312 (La.App. 4 Cir. 12/29/98), 727 So.2d 1183, in which Mr. Ard was held to have lied for the purpose of obtaining benefits, and was thus denied penalties and attorney’s fees in addition to benefits, the trial court here did not find that Mr. Lopez’s untrue statement was made for the purpose of obtaining benefits. Therefore, he should not be denied penalties and attorney’s fees for Home Furnishing’s arbitrary and capricious refusal to pay benefits and medical expenses. We find no error in the trial court’s award of penalties and attorney’s fees.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
PLOTKIN, J., DISSENTS WITH REASONS.

. Mr. Lopez is a native of Honduras working in this country as a resident alien. He speaks little English and testified through an interpreter.

. The notation by the court reporter would indicate that Mr. Lopez responded directly, and not through his interpreter.