JaFOlL, J.
This appeal challenges a decision finding a workers’ compensation claimant forfeited benefits by making false statements to her employer. We affirm.
On March 5, 2001, Tammy Caye filed this disputed claim for workers’ compensation benefits against her employer, Slidell Travel Center, alleging that she sustained an occupational injury during the course *146 and scope of her employment, namely, carpal tunnel syndrome. She later amended |4 her petition to allege that she injured her left shoulder, neck, arm and hand when a box fell on her at work. Ms. Caye claimed that the accident also caused the carpal tunnel syndrome.
Slidell Travel Center asserted that Ms. Caye made false statements for the purpose of obtaining benefits in violation of La. R.S. 23:1208, thereby forfeiting her right to benefits. Slidell Travel Center filed a motion for summary judgment on the issue, offering evidence that Ms. Caye denied any pre-existing left shoulder or neck injuries. However, emergency room medical records revealed that Ms. Caye had been in an automobile accident in 1993, and was treated for neck, left shoulder and arm pain. Slidell Travel Center also introduced medical records indicating that Ms. Caye received emergency medical care for left shoulder pain prior to the alleged work accident.
The workers’ compensation judge (WCJ) granted the motion for summary judgment, ruling that Ms. Caye violated the provisions of LA. R.S. 23:1208 and was not entitled to benefits. This appeal, taken by Ms. Caye, followed.
Ms. Caye asserts that she made no untruthful statements. She also insists that there are numerous questions of fact that must be resolved in order to determine whether she violated Section 1208, and therefore, summary judgment was improperly granted.
l3We disagree. The WCJ, in written reasons for judgment, thoroughly analyzed the law on Section 1208 and correctly applied that law to the undisputed facts of this case. We affirm the judgment, and in so doing, adopt the WCJ’s reasons, reflected in a copy appended to this petition, as our own. All costs of this appeal are assessed to appellant, Tammy Caye.
AFFIRMED.
APPENDIX
TAMMY M. CAYE VS. SLIDELL TRAVEL CENTER
DOCKET 01-01562 DISTRICT 6S OFFICE OF WORKERS’ COMPENSATION
STATE OF LOUISIANA
WRITTEN REASONS FOR JUDGMENT

STATEMENT OF CLAIM

Claimant, Tammy Caye (hereinafter “Caye”) filed a Disputed Claim for Compensation on March 5, 2001. Caye allegedly sustained an occupational injury during the course and scope of her employment with Slidell Travel Center, specifically carpal tunnel syndrome. Caye subsequently filed an amendment to her original claim, alleging that she was injured on September 23, 2000, at Slidell Travel Center when a box fell on her, injuring her left shoulder, neck, arm, and hand.
Slidell Travel Center filed a Reconven-tional Demand on August 6, 2001, alleging Caye had violated the provisions of La R.S. 23:1208. Slidell Travel Center then filed a Motion for Summary Judgment, which was heard on October 26, 2001.

FINDINGS OF FACT

1. Caye gave a recorded statement on November 1, 2000, in which she denied being involved in any auto accidents and denied generally ever having suffered any “personal injuries, *147 fallen, sprained wrists, broken legs” (Employer Exhibit “A”, pp. 22-23). |b2. Caye gave a deposition on June 4, 2001, in which she admitted to being involved in two prior auto accidents, while she could not remember specific dates (Employer Exhibit “B”, pp. 27-33).
3. On three separate occasions in her deposition, Caye denied any injury to her neck, arm, or shoulder in either of the auto accidents or on any other occasion:
(i) “Q. Did you injure your neck in that [auto] accident at all?
A. No.
Q. What about your shoulder, either shoulder?
A. No, Not that I can recall. ?” (Exhibit “B”, p. 31).
(ii) “Q. Before this [work-related] accident, have you ever received an injury to your neck?
A. No, ma'am.
Q. To either your right or left shoulder?
A. No, ma'am.” (Exhibit “B”, pp. 38-39)
(iii) “Q.... Before this [work-related] accident, do you ever recall an occasion where you would have had an x-ray to your neck, your cervical area, or your shoulder?
A. Not that I can recall.” (Exhibit
“B”, p. 86).
4. Certified medical records from Hancock Medical Center Emergency Room dated May 19, 1993, indicated the following: that Caye was involved in a motor vehicle accident involving injury to her head, left ankle, left arm; and that she underwent x-rays to her neck, left leg and left foot. | ^(Exhibit “C”).
5. Certified medical records from Hancock Medical Center dated May 22, 1993, indicated that Caye returned to the Emergency Room complaining of pain in her neck and left shoulder, and that she was ultimately discharged to home wearing a soft cervical collar (Exhibit “C”).
6. Certified medical records from Sli-dell Memorial Hospital Emergency Room dated October 18, 1998, indicate that Caye presented solely with complaints of pain to her left shoulder; that she felt it was “popping in and out”; that she underwent an x-ray of the left shoulder; that she was given an injection of Toradol; that she was discharged wearing a sling for her left arm and a prescription for medication. (Exhibit “D”)

CONCLUSIONS OF LAW

Louisiana Revised Statute 23:1208 provides in pertinent part as follows:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
E. Any employee violating this Section shall, upon determination by workers’ compensation judge, forfeit any right to compensation benefits under this Chapter.
17This section was intended to prevent and discourage fraud in relation to workers’ compensation claims. Section 1208 clearly applies to any willful false statements or representations made “for the purpose of obtaining of defeating any benefit or payment.” Resweber v. Haroil Construction Company, 94-2708, p. 7 (La.9/5/95), 660 *148 So2d 7, 12. Such false representations made to anyone, including the employer, physicians or insurers, result in forfeiture of those workers’ compensation benefits when the representations are made willfully for the purpose of obtaining benefits. Resweber, 660 So.2d at 9; Varnado v. Winn-Dixie Louisiana, Inc., 98-0301, p. 9 (Ls.App. 1st Cir.9/25/98), 720 So.2d 66, 70. Thus, the only requirements for forfeiture of benefits under Section 1208 are that (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment. Resweber, 660 So.2d at 12.
A claim under La. R.S. 23:1208 is appropriate for resolution by way of summary judgment. Bibins v. St. Francis Cabrini Hospital, 00-133 (La.App. 3 Cir. 2000), 768 So.2d 102.
A motion for summary judgment is properly granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, how that there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. La. C.C.P. Art. 966. Once the mover has made a prima facie showing that the motion for summary judgment should be granted, the burden shifts to the non-moving party to present evidence demonstrating that material factual issues remain.
lain the instant case, Caye was asked on at least three occasions in her sworn deposition whether she had any prior problems or injuries to her neck or shoulders. The medical evidence reveals that Caye had in fact complained of problems to both areas, and had in fact received treatment to both areas on prior occasions.
Giving Caye the benefit of the doubt, this court could envision Caye’s failure to remember a prior neck or arm injury after her automobile accident on May 19, 1993, some eight years prior to the deposition testimony she gave. The medical records seem to indicate the major injury was to her leg. However, the court cannot overlook the fact that Caye returned to the emergency room some three days later with complaints of pain specifically in her neck and left shoulder, and was discharged wearing a soft cervical collar.
More troubling is the fact that on October 18, 1998, less that three years before her deposition testimony, Caye presented to the emergency room with the sole complaint of left shoulder pain. The court finds it inconceivable that Caye had forgotten about this, given the fact that she reported to the emergency room staff that she felt her shoulder was “popping in and out”; that she underwent an x-ray to her left shoulder; and that she was fitted with a sling for her arm upon discharge.
Given the above, the court finds that Slidell Travel Center has made a prima facie showing that Caye has violated the provisions of La.R.S. 23:1208 in that she made a false statement or representation; that it was willfully made; and |9that it was made for the purpose of obtaining workers; compensation benefits. Reswe-ber, 660 So.2d at 12.
In regards to the first prong of the Resweber test, the medical records bear out the fact that Caye had in fact suffered from prior neck and shoulder problems; thus, Caye made a false statement or misrepresentation in her deposition. As to the second and third prongs of the Reswe-ber test, the court can only conclude that Cayes’ denial of prior neck and shoulder problems was willfully made for the purpose of obtaining benefits since these are the same injuries for which she is making a claim for benefits. Additionally, her failure to disclose her prior injuries cannot be blamed on mere oversight or forgetfulness, given that Caye was discharged from Han *149 cock in a soft cervical collar and discharged from Slidell Memorial wearing an arm sling, something, which is not easily forgotten.
Caye attempts to defeat the motion for summary judgment by stating in a sworn affidavit that “she did not classify that soreness [on October 18, 1998] as an injury and she did not recall the incident as an injury in response to a question of whether she had a prior injury at her deposition.” Additionally, Caye relies on the fact that the doctor who treated her for the October 18, 1998 shoulder pain, Dr. Vicky S. Hebert, testified that Caye did not give a history of an injury or trauma to her shoulder.
Regardless of how Caye or Dr. Hebert classifies her shoulder condition, Caye was specifically asked if she had ever had a x-ray to her neck or shoulder and she claimed she could not recall. The fact of the matter is that Caye had an | 1flx-ray to her neck following the 1993 auto accident when she presented three days following the accident complaining of pain in her neck and left shoulder. She had an x-ray to her left shoulder on October 18, 1998, after she presented with shoulder complaints.
For these reasons, the court finds that Caye violated the provisions of La. R.S. 23:1208 and has forfeited her right to benefits.
THUS DONE AND SIGNED the 20th day of November, 2001, in Covington, Louisiana.
/s/ Elizabeth A. Warren Elizabeth A. Warren Workers’ Compensation Judge Eastern Division-District 6