862 So.2d 197 (2003)
Earl STEPHENS
v.
SOUTHERN SWEEPING SERVICES.
No. 03-CA-826.
Court of Appeal of Louisiana, Fifth Circuit.
November 25, 2003.
*198 J. Wayne Gillette, New Orleans, LA, for Plaintiff/Appellant.
John J. Rabalais, Robert T. Lorio Rabalais, Unland & Lorio, Covington, LA, for Defendant/Appellee.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY, and WALTER J. ROTHSCHILD.
THOMAS F. DALEY, Judge.
Claimant, Earl Stephens, has appealed the trial court's grant of summary judgment in favor of Southern Sweeping Services. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY:
Earl Stephens (Stephens) worked as a sweeper for Southern Sweeping Services (Southern). His job duties included operating a blower to clean parking lots. On the evening of June 6, 2002, Stephens claims he injured his finger while in the course and scope of his employment with Southern when he tripped over a pipe and fell. He was initially paid workers' compensation benefits, then Southern filed a disputed claim for compensation. On November 25, 2002, Stephens filed a pretrial statement contending that he "injured his finger, back and neck in an accident that occurred on June 6, 2002 when he fell while using a blower." On October 30, 2002 Stephens's testified in a deposition that he injured his back, finger, and neck in the fall. Stephens admitted to having a prior back injury that required a fusion but repeatedly testified that he had no continued pain after this prior accident. He further testified that his low back had been pain free for the last ten years. Stephens's medical records were subpoenaed. These records revealed that Stephens sought treatment for back pain in 1997, 1998, 2000, and 2001.
Southern filed a Motion for Summary Judgment moving for dismissal of Stephens's claim because of Stephens's willful misrepresentations in violation of Section 1208 of the Workers' Compensation Act. Stephens argued in opposition that he did not file a claim for a back injury, and that he only filed a claim for his hand injury. The trial court granted Southern's motion as a result of Stephens's violations of Section *199 1208 of the Louisiana Workers' Compensation Act. On March 13, 2003, Stephens filed a Motion for Retrial that was denied. On March 19, 2003, Stephens filed a Motion to Reconsider and Set Aside the Grant of Summary Judgment. The trial court denied the Motion to Reconsider following a hearing. Stephens then filed this appeal.
LAW AND DISCUSSION:
On appeal Stephens argued that the trial court erred in granting summary judgment because at the time summary judgment was granted, there was an outstanding Motion in Limine. Stephens filed the Motion in Limine on March 3, 2003, four days before the hearing on the Motion for Summary Judgment. In the Motion in Limine, Stephens argued that his deposition testimony should have been excluded from Southern's Motion for Summary Judgment because at the time of his deposition, he was under the influence of "mind clouding drugs." Stephens concludes that had the deposition testimony been excluded, there would have been no basis to grant the summary judgment. Stephens further argues that a material issue of fact exists because Southern failed to prove that Stephens made a claim for back injury. Stephens also makes several arguments regarding the merits of his claim. Since we find that the trial judge correctly determined that a violation of Section 1208 occurred, we will not discuss the merits of Stephens's claim.
In deciding whether summary judgment was appropriately granted, appellate courts review the evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). Summary judgment is favored and "is designed to secure the just, speedy, and inexpensive determination of every action." La. C.C.P. art. 966(A)(2). Because it is only in the context of the applicable substantive law that issues of material fact be ascertained, a decision as to the propriety of a grant of a Motion for Summary Judgment must be made with reference to the substantive law applicable to the case. Sun Belt Constructors, a Div. of MCC Constructors, Inc. v. T & R Dragline Service, Inc., 527 So.2d 350, 352 (La.App. 5 Cir.1988).
LSA-R.S. 23:1208 provides in pertinent part as follows:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
.......
E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.
Our Supreme Court has held that this section was intended to prevent and discourage fraud in workers' compensation claims. Section 1208 applies to any willful false statements or representations made for the purpose of obtaining or defeating any benefit or payment. Resweber v. Haroil Construction Company, 94-2708 (La.9/5/95), 660 So.2d 7, 12. Such false representations made to anyone, including the employer, physicians or insurers, result in forfeiture of those workers' compensation benefits when the representations are made willfully for the purpose of obtaining benefits. Id. The requirements for forfeiture of benefits under Section 1208 are that (1) there is a false statement or representation, (2) it is willfully *200 made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment. Id.
A claim that the employee has violated La. R.S. 23:1208 is appropriate for resolution by way of summary judgment. Caye v. Slidell Travel Center, XXXX-XXXX (La. App. 1 Cir. 12/31/02), 837 So.2d 144.
In support of its Motion for Summary Judgment, Southern submitted portions of Stephens's deposition in which Stevens testified that he injured his back, finger, and neck in the June 6, 2002 accident. Stephens testified that since the accident he had constant pain in his low back that he characterized as between seven and eight on a ten point scale. Stephens further testified that he had no continued back pain after the prior accident in the 80's and that his low back was pain free for the last ten years. Stephens later testified, "I never had no problems with my back until I got hurt now." Stephens again stated that he had no back pain whatsoever prior to the 2002 accident. Additionally, Stephens testified that he had not been treated for any medical condition in the last 10 years prior to this accident and that the last time he had seen a doctor for his back was more than 10 years ago.
Portions of Stephens's medical records were attached to the Motion for Summary Judgment. These medical records indicate that in October 1997 Stephens underwent extensive diagnostic testing for complaints of low back pain. An MRI of the lumbar spine performed on October 10, 1997 indicates Stephens had a non-bony union of the L5-S1 facet joints and disc bulging at the L3-4, L4-5, and L5-S1 levels. A report by Dr. Norman Chutkan dated October 16, 1997 states that Stephens had a failed fusion at L5-S1 and that he was a candidate for additional surgery. A report by Dr. Chutkan dated May 25, 1998 states that Stephens continued to have a lot of back pain and he was referred for physical therapy. A report by Dr. Chutkan dated January 21, 2000 states that Stephens returned because his disability was about to be denied. An x-ray report of Stephens's back dated January 12, 2001 indicates that Stephens had "slight lumbar dextroscloiosis."[1]
In opposition to the Motion for Summary Judgment, Stephens submitted an affidavit from his sister, Kathleen Maria Johnson, stating that Stephens attended school in special education classes until 8th grade. Affiant further stated that Stephens becomes confused easily, has difficulty following explanations from other people, and that these problems are increased under stress. Stephens also submitted an affidavit stating that after he fell he dislocated his finger and has had back and cervical pain since the date of the injury and that he is claiming worker's compensation for these injuries. Stephens went on to state that he was prescribed pain medication and had taken pain medication on the day of his deposition. He further stated that he became confused because he had taken a lot of medication and was upset because of having to give a deposition. Stephens stated that as a result he answered some of the questions wrong, which was a mistake because he was confused.[2]
*201 We find Stephens's argument that he did not claim to have injured his back in the fall to be ludicrous. Stephens claims to have injured his back in his pretrial statement, in his deposition, and in his affidavit attached to his Opposition to the Motion for Summary Judgment. This argument is completely without merit.
We find Stephens's argument that the Motion in Limine should have stopped the summary judgment from going forward is likewise without merit. The Motion in Limine addresses the same argument made in Stephens's Opposition to the Motion for Summary Judgment[3]that Stephens is of limited intellectual capacity and was under mind altering drugs resulting in his deposition being incompetent. Stephens was asked numerous times in his deposition if he had residual back pain from his prior surgery. He repeatedly denied any pain. Stephens was asked several times if he sought treatment for back pain in the ten years prior to the 2002 accident. Stephens repeatedly denied seeking treatment. The medical evidence reveals that Stephens suffered from significant low back pain prior to the 2002 accident to such an extent that further surgery was recommended. This was not one isolated office visit that Stephens failed to recall. Rather, these records reveal an extensive workup for low back pain. The medical records indicate that Stephens sought treatment for low back pain as late as 2001, the year prior to the accident for which he seeks compensation.
The medical records show that Stephens suffered from significant low back pain prior to the 2002 accident and that Stephens denied any low back pain or treatment for low back pain in his deposition. This meets the first prong of the Resweber test. As for the second and third prongs of the Resweber test, we can only conclude that Stephens's denial of prior low back pain and treatment was willfully made for the purpose of obtaining benefits since these are the same injuries for which he is currently seeking compensation.
Stephens attempts to defeat the Motion for Summary Judgment with self-serving affidavits from himself and his sister. These are insufficient to create a material issue of fact. Stephens was represented by counsel at his deposition when he repeatedly denied pain or treatment for low back pain. There were no objections made as to Stephens's mental state or being under the influence of medication.
CONCLUSION:
We find the trial judge correctly granted summary judgment in favor of Southern and dismissed Stephens's worker's compensation claim for violation of R.S. 23:1208. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] In its motion, Southern also attacked the merits of Stephens's claim. Deposition excerpts from two of Stephens's coworkers were attached to the Motion for Summary Judgments. These coworkers testified that Stephens told them that he injured his hand prior to going to work on June 6, 2002.
[2] An affidavit of a police officer working at the store where Stephens claims the accident occurred was also attached to Stephens's opposition. This officer stated that he shook Stephens hand when he arrived at the store. He observed Stephens begin working. He observed Stephens enter the store later then exit with the manager. At this time Stephens had ice on his right hand and he observed a disfigured and broken little finger.
[3] The Motion in Limine makes additional arguments regarding the merits of the claim and whether or not it was proper for Southern to submit only portions of Stephens's deposition.