HILLARY J. CRAIN,
Judge Pro Tem.
12This is an appeal by Anthony Rogers, a workers’ compensation claimant, from a *82 summary judgment disqualifying him from receiving compensation benefits on grounds that he violated La. R.S. 23:1208 by -willfully making false statements and misrepresentations in order to obtain those benefits. He asserts that this was error because there are material issues in dispute. Louisiana A-l Gaming, a Partnership in Commendam D/B/A Boomtown Belle Casino, his employer, has answered the appeal urging that the judgment improperly failed to award it restitution, investigative costs, penalties, interest, and attorney fees. For the following reasons we affirm the judgment disqualifying claimant from receiving benefits. We remand the matter to the Office of Worker’s Compensation for consideration of Louisiana A-l Gaming’s claims for restitution and other costs sought in its answer to the appeal.
The basic facts are as follows. Claimant was employed by A-l in 2006 as a table games supervisor. On April 15, 2009, claimant sat on an office chair with a | -¡hydraulic mechanism. The mechanism failed and the seat abruptly lowered. There is no dispute as to this occurrence as it was witnessed by a co-worker and also filmed on a security camera. Claimant asserted that he suffered injuries to his back and knee in the incident. He was treated by several physicians over the next few months and eventually back surgery was recommended. At that point, the employer contested the claim and this litigation ensued. After conducting discovery, the employer moved for summary judgment urging that claimant had violated La. R.S. 23:1208, which pertinently provides that:
A. It shall be unlawful for any person, for the purpose of obtaining ... any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation....
E. Any employee violating this Section shall, upon determination by a Workers’ Compensation Judge, forfeit any right to compensation benefits under this Chapter.
This motion was granted. The employer also sought restitution of benefits paid, plus attorney fees, penalties, interest and investigative costs. The judgment is silent as to these items. Claimant now appeals the forfeiture of benefits, and the employer has answered the appeal seeking restitution and other costs.
A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). A fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Hines v. Garrett, 04-0806 (La.6/25/04), 876 So.2d 764. A claim |4under La. R.S. 23:1208 is appropriate for resolution by way of the summary judgment procedure. Caye v. Slidell Travel Center, 2002-0208 (La.App. 1 Cir. 12/31/02), 837 So.2d 144, writ denied, 2003-0338 (La.4/21/03), 841 So.2d 797. For purposes of summary judgment in the forfeiture context there must be no genuine issue as to 1) a false statement or representation, 2) made willfully, 3) for the purpose of obtaining benefits. Caye, supra. Appellate courts review summary judgments de novo, using the same criteria *83 that govern the trial court’s consideration, ie. whether there is any issue of material fact, and whether the mover is entitled to judgment as a matter of law. Goins v. Wal-Mart Stores, Inc., 01-1136 (La.1l/28/01), 800 So.2d 783.
When claimant was first employed by A-l, he filled out a Second Injury Fund Questionnaire and represented that he had never sought medical treatment for an injury, an accident or pain involving his upper or lower back. During discovery in proceedings before the Workers’ Compensation Judge he was asked in interrogatories to list his treating physicians during the past ten years. That list excluded at least four doctors who had treated him for back pains since 2006. He also stated that he had experienced back soreness in the past, which he self-treated with non-steroidal anti-inflammatories. The only back pain for which he admitted having received medical treatment was in conjunction with an automobile accident in 1989. In deposition he was asked again about his back and reiterated that to the best of his knowledge the only treatment for his low back was that of 1989. He said that he never had any MRIs of the back or any epidural injections. He also denied any prior pain radiating into his legs.
His medical records, however, are replete with medical treatments for back pain, sometimes radiating into his legs, and including MRIs and injections, all dating back to at least 1999. There are some 35 medical reports over this period | ⅞documenting this ongoing condition. As late as 2007 he was treated with an epidural steroid injection for back pain after undergoing an MRI, and between 2007 and 2009, he underwent pain management treatments for back and shoulder pains. All of these treatments related to the same area of the back for which he is claiming disability as a result of the accident with A-l. Considering the overwhelming evidence of claimant’s prior back problems, it is this court’s opinion that reasonable people could only conclude that he willfully made misrepresentations in order to obtain workers’ compensation benefits from his present employer. See Stephens v. Southern Sweeping Services, 03-826 (La. App. 5 Cir. 11/25/03), 862 So.2d 197; Davis v. AMS Tube Corp., 2002-2427 (La.App. 1 Cir. 12/31/03), 868 So.2d 141. He thus forfeited any right to those benefits by operation of La. R.S. 23:1208.
Claimant asserts to the contrary that there are genuine issues of material fact, and submitted an affidavit purporting to set forth these issues. The substance of the affidavit is that he had undergone shoulder surgery in the past and he assumed that the back pains were related to that procedure, rather than being independent problems. This document simply does not raise issues which a reasonable person would find germane to the question of whether he made misrepresentations as to prior medical treatments for back pain. As noted above, he denied receiving treatments for his back, including undergoing MRIs and epidural injections, for back pain sometimes radiating into his extremities. The employer documented over 35 such treatments and procedures over a ten year period relating only to back problems and having only tangential, if any, relationship to the shoulder injury. Considering all of the evidence of record, the affidavit simply does not raise any issue which would require resolution by a trial.
|ñThe final issue is whether the employer is entitled to restitution and related costs. Section D of La. R.S. 23:1208 provides that the Workers’ Compensation judge “may” order restitution when a claimant has violated Section A of the statute. When a judgment is silent as to an element claimed by a party, it is usually *84 interpreted on appeal as being a denial of that element. Oreman v. Oreman, 07-296 (La.App. 5 Cir. 10/30/07), 971 So.2d 1149, writ denied, 08-0128 (La.3/12/08), 977 So.2d 919. However, the record indicates that when the judgment was rendered it did not deal with restitution because the parties apparently agreed to take that matter up in a later proceeding, or to forego the claim in order to make this matter appealable. While this issue is far from clear in the record, it is this court’s opinion that the case should be remanded to the Office of Workers’ Compensation for further consideration of whether, in the Workers’ Compensation Judge’s discretion, restitution should be awarded.
For the foregoing reasons the judgment disqualifying claimant from receiving workers’ compensation benefits is affirmed. The case is remanded to the Office of Workers’ Compensation for further proceedings consistent with this opinion.

AFFIRMED AND REMANDED