McDonald, j.
This is an appeal from the grant of a summary judgment in a workers’ compensation case. The office of workers’ compensation (OWC) found that claimant failed to disclose two prior work-related accidents and an automobile accident, in violation of La. R.S. 23:1208, and granted the employer’s motion for summary judg *22 ment, dismissing the claim, with prejudice. After a thorough review, we affirm the judgment.
Christopher Morris, an employee of Textron Marine and Land Systems, Inc. (Textron), worked as a maintenance mechanic. He filed a disputed claim for compensation on June 27, 2012, asserting that he injured his shoulder on August 2, 2010, while pushing a drum across some grates to weigh it. He asserted that there was a bona fide dispute regarding benefits that had been terminated or reduced on June 27, 2011, and also regarding vocational rehabilitation.
Textron filed an answer, admitting that an incident occurred on August 2, 2010, while Mr. Morris worked for Textron, but averring that Mr. Morris was not disabled and was capable of returning to work without any restrictions and had done so; or in the alternative, averring that Mr. Morris was able to earn at least 90 percent of his pre-accident wages. Textron claimed credit for benefits received by Mr. Morris, and raised several defenses, including the defense that Mr. Morris had forfeited his right to benefits pursuant to La. R.S. 23:1208, and asked that the claim be dismissed, with prejudice.
Textron thereafter filed a reconventional demand, asserting that Mr. Morris had violated La. R.S. 23:1208 by making willful, false statements for the purpose of obtaining workers’ compensation benefits. Tex-tron asked for reimbursement of all benefits paid to and on behalf of Mr. Morris, because he had lied about being involved in previous workers’ compensation and motor vehicle accidents. Textron also prayed for reimbursement of attorney fees and costs and averred that Mr. |sMorris had forfeited the right to any and all workers’ compensation benefits.
Textron also filed a motion for summary judgment, based on forfeiture of benefits pursuant to La. R.S. 23:1208, and a motion to dismiss the claim with prejudice. Tex-tron averred that Mr. Morris had testified on October 30, 2012, that he had never been involved in a work-related accident prior to August 2, 2010, nor had he been involved in any motor vehicle accident, and that other than the present workers’ compensation claim, he had never filed a lawsuit, nor had he previously injured his shoulder or neck.
Textron maintained that it had learned through discovery that on July 3,1997, Mr. Morris was in an automobile accident and injured his back, neck, shoulders, and legs and suffered damages, including, but not limited to, medical expenses, pain and suffering, mental anguish, past, present, and future medicals, and permanent disfigurement; that Mr. Morris was in the course and scope of his employment at a plumbing company during that accident; and that he was paid workers’ compensation benefits and medical expenses. Textron also asserted that it had learned that Mr. Morris had been injured on September 23, 1996, while working for an employer, and that on January 12, 2012, Mr. Morris was in a motor vehicle accident.
The matter proceeded to a hearing, and thereafter, the office of workers’ compensation ruled in favor of Textron, granting the motion for summary judgment based on violation of La. R.S 23:1208, and dismissing Mr. Morris’s claim with prejudice. In its written reasons for judgment, the workers’ compensation judge found that Mr. Morris had failed to disclose his prior two work-related claims and one automobile accident in his deposition. The workers’ compensation judge noted that “Forgetting some events is quite possible due to the passage of time. Denying all prior work accidents and automobile-related injuries and settlement of claims for money is more than just forgetting.”
*23 |4The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish those ends. La. C.C.P. art. 966(A)(2). An appellate court reviews an office of workers’ compensation decision to grant a motion for summary judgment in workers’ compensation cases de novo, using the same criteria that govern the office of workers’ compensation consideration of whether summary judgment is appropriate. Newman v. Richard Price Construction, 2002-0995 (La.App. 1 Cir. 8/8/03), 859 So.2d 136, 139.
Louisiana Revised ' Statute 23:1208 was intended to prevent and discourage fraud in relation to workers’ compensation claims. Section 1208 clearly applies to any willful false statements or representations made for the purpose of obtaining or defeating any benefit or payment. Such false representations made to anyone, including the employer, physicians, or insurers, result in forfeiture of those workers’ compensation benefits when the representations are made willfully for the purpose of obtaining benefits. Thus, the only requirements for forfeiture of benefits under Section 1208 are that (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment. Caye v. Slidell Travel Center, 2002-0208 (La.App. 1 Cir. 12/31/02), 837 So.2d 144, 147-48, writ denied, 2003-0338 (La.4/21/03), 841 So.2d 797.
A claim under La. R.S. 23:1208 is appropriate for resolution by way of summary judgment. Caye, 837 So.2d at 148. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion | /or summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B)(2).[1]
In support of the motion for summary judgment, Textron introduced Mr. Morris’s disputed claim for compensation, his deposition, his petition for damages from the 1997 accident, the workers’ compensation claim file for the 1997 accident, documentation confirming the 1996 accident, a petition of intervention regarding Mr. Morris’s 1997 accident, and a State Farm file regarding an accident involving plaintiff in 2012. This evidence supports Tex-tron’s motion for summary judgment by showing that Mr. Morris had violated La. R.S. 23:1208 by denying previous accidents, workers’ compensation claims, and lawsuits. At that point, the burden shifted to Mr. Morris to present evidence showing that there still existed a material fact in dispute precluding summary judgment. See La. C.C.P. art. 966(C)(2).
In opposition to the motion for summary judgment, Mr. Morris offered two pages from his deposition, which contained testimony that he had taken a Lortab the day of his deposition, and that the medication affected his memory. However, on the following page of his deposition when asked whether there was anything that would affect his understanding of what was being asked of him in the deposition, Mr. Morris answered in the negative.
*24 In his opposition to the motion for summary judgment, Mr. Morris presented no medical evidence or affidavit to show that his failure to reveal his two previous workers’ compensation claims and an automobile accident was inadvertent or explainable. Thus, Mr. Morris failed to present admissible evidence to show that there existed a material fact in dispute precluding summary judgment.
RFor the foregoing reasons, the office of workers’ compensation judgment, granting summary judgment in favor of Textron and dismissing Mr. Morris’s claim, is affirmed. Costs are assessed against Christopher Morris.
AFFIRMED.

. Louisiana Code of Civil Procedure article 966 was amended in 2013 and again in 2014. The amendments are not implicated in the issues presented in this appeal. See 2013 La. Acts, No. 391, § 1, effective August 1, 2013, and 2014 La. Acts, No. 187, § 1, effective August 1, 2014.