RAMON RODRIGUEZ

VERSUS

NOLA MOTOR CLUB, L.L.C. AND
NEW YORK MARINE & GENERAL
INSURANCE COMPANY

NO. 19-CA-447

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 7
STATE OF LOUISIANA
NO. 18-4838,
HONORABLE SHANNON BRUNO BISHOP, JUDGE PRESIDING

October 05, 2020

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Stephen J. Windhorst, and Hans J. Liljeberg

<u>**AFFIRMED**</u>
    **SJW**
    **HJL**

<u>**WICKER, J., DISSENTS WITH REASONS**</u>
    **FHW**

COUNSEL FOR PLAINTIFF/APPELLANT,
RAMON RODRIGUEZ
    J. Casey Cowley
    Pamela C. McLendon
    Ana Mafalda Morgado Rodrigues

COUNSEL FOR DEFENDANT/APPELLEE,
NOLA MOTOR CLUB, L.L.C. AND NEW YORK MARINE
& GENERAL INSURANCE COMPANY
    Robert J. May

**WINDHORST, J.**

Appellant/Claimant, Ramon Rodriguez, has appealed the Office of Workers' Compensation's ("OWC") July 22, 2019 judgment granting summary judgment in favor of appellees, NOLA Motor Club, LLC and New York Marine & General Insurance Company, and dismissing claimant's claims. For the reasons that follow, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On May 14, 2018, claimant was employed by appellee, NOLA Motor Club, LLC d/b/a NOLA Motorsports, LLC, as a part-time go-cart mechanic. Claimant alleges that he was attempting to start a go-cart engine, and as he pulled the cord to start the engine, the engine produced "a false explosion," which pulled him "towards the back, and then on top of" the go-cart. Claimant contends that as a result, he injured his lower back and left shoulder.

On July 18, 2018, claimant filed a disputed claim for compensation. Appellees filed an answer on August 9, 2018. Subsequently, claimant amended his claim on two separate occasions, to which appellees filed an answer to claimant's amended disputed claim. On April 25, 2019, appellees filed a motion for summary judgment contending that claimant had violated La. R.S. 23:1208, which provides in pertinent part:

> A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
>
> *        *        *
>
> E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.

The OWC judge granted the motion and dismissed claimant's claims, finding that claimant willfully made false statements for the purpose of obtaining workers'

19-CA-447                                    1

compensation benefits in violation of La R.S. 23:1208. Claimant filed a motion for new trial, which the OWC judge denied. This appeal followed.

**DISCUSSION**

On appeal, claimant contends that the OWC judge erred in granting the motion for summary judgment.[1] Claimant argues that he did not willfully make false statements for the purpose of obtaining workers' compensation benefits when he testified that his work-related accident caused him anxiety and heart-related issues. Claimant argues that because he is not claiming compensation for those conditions his statements regarding anxiety and heart-related issues are inconsequential. He contends genuine issues of material fact preclude summary judgment in favor of appellees.

An appellate court reviews an OWC's decision to grant a motion for summary judgment in workers' compensation cases *de novo*, using the same criteria that govern the OWC's consideration of whether summary judgment is appropriate. Newman v. Richard Price Construction, 02–995 (La. App. 1 Cir. 08/08/03), 859 So.2d 136, 139. A claim under La. R.S. 23:1208 is appropriate for resolution by a motion for summary judgment. Louisiana-I Gaming v. Rogers, 10-1050 (La. App. 5 Cir. 09/27/11), 76 So.3d 81, 82; Stephens v. Southern Sweeping Services, 03-826 (La. App. 5 Cir. 11/25/03), 862 So.2d 197, 199-200; Caye v. Slidell Travel Center, 02–0208 (La. App. 1 Cir.12/31/02), 837 So.2d 144, 148, writ denied, 03–0338 (La. 04/21/03), 841 So.2d 797. La. R.S. 23:1208 applies to any false statement or misrepresentation, including one concerning a prior injury, made specifically for the purpose of obtaining worker's compensation benefits, and therefore, generally becomes applicable at the time of an employee's accident or claim. Resweber v. Haroil Construction Company, 94-2708, 94-3138 (La. 09/05/95), 660 So.2d 7, 9.

---

[1] In his appellate brief, claimant did not provide any assignments of error; therefore, we have addressed arguments raised in his brief.

For purposes of summary judgment in the forfeiture context, there must be no genuine issue that there was 1) a false statement or representation; 2) made willfully; and 3) for the purpose of obtaining benefits. Resweber, 660 So.2d at 12; Louisiana-I Gaming, 76 So.3d at 82. The relationship between the false statement and the pending claim will be probative in determining whether the statement was made willfully for the purpose of obtaining benefits. Resweber, 660 So.2d at 16. A false statement which is inconsequential to the present claim may indicate that the statement was not willfully made for the purpose of obtaining benefits. Id.

Appellees' motion for summary judgment asserted that claimant made false statements under oath in his deposition for the purpose of obtaining workers' compensation benefits. Appellees submitted portions of claimant's deposition in which claimant (1) testified he developed anxiety as a result of his work-related accident; (2) denied being previously diagnosed or treated for anxiety prior to his work-related accident; (3) testified he developed chest pain as a result of his work-related accident; and (4) denied being previously treated for chest pain or any heart-related issues after 2007.

Appellees attached portions of claimant's medical records to their motion to show that claimant made false statements for the purpose of obtaining workers' compensation benefits. The medical records revealed that Dr. Christian A. Mayorga diagnosed claimant with an anxiety disorder on March 26, 2018, less than two months prior to this work-related accident. Claimant was prescribed and was taking anxiety medication at the time of this incident. Dr. Mayorga evaluated claimant on March 29 and May 7, 2018, and maintained claimant on his anxiety medication. On May 7, 2018, one week prior to this accident, Dr. Mayorga extended claimant's anxiety medication for an additional six months. The medical records also showed that claimant complained of anxiety on his initial examination with his cardiologist, Dr. Orlando Deffer, on May 15, 2015.

The medical records further revealed that claimant received extensive treatment for chest pain and heart-related issues subsequent to the placement of a stent in his artery in 2007. On June 16, 2014, claimant was seen in the emergency room for complaints of chest pain. A medical record dated July 21, 2014 confirmed claimant was hospitalized on June 16, 2014 for five days for chest pain and myocardial infarction (a heart attack). On May 15, 2015, claimant began treatment with his cardiologist, Dr. Deffer, for chest pain and heart-related problems. Claimant disclosed to Dr. Deffer that he had a second stent implanted in June 2014. On his initial visit with Dr. Deffer, claimant complained of chest pain, shortness of breath, and occasional palpitations. He informed Dr. Deffer that his symptoms were similar to those he had when he received his first stent. On June 2, 2015, claimant had a cardiac catherization, which showed claimant's left anterior descending artery was completely obstructed. The medical records also show that on July 7, 2015 claimant was treated for coronary atherosclerosis at East Jefferson General Hospital ("EJGH"). On July 15, 2015, claimant saw Dr. Deffer again and complained of chest pain. On July 27, 2015, claimant had a third stent implanted and the report of the procedure showed that claimant had unstable angina, an abnormal stress test, and 100% occlusion. On May 23, 2016, claimant was seen at EJGH for atherosclerotic heart disease of native coronary artery. On January 12, 2018, claimant was admitted to EJGH emergency room with complaints of palpitations and shortness of breath. On February 16, 2018, three months prior to his work-related accident, claimant was admitted to EJGH for atherosclerotic heart disease of native coronary artery. Appellees argued that the nature and timing of claimant's false statements concerning his prior medical conditions confirmed that the statements were made willfully for the purpose obtaining workers' compensation benefits.

In opposition, claimant argued that appellees were not entitled to summary judgment because genuine issues of material fact existed as to (1) whether claimant

made false statements willfully for the purpose of obtaining workers' compensation benefits; and (2) the injuries that claimant suffered as a result of the accident. Claimant also asserted that he was 69 years old, did not have a formal education in the United States, and was not fluent in English, all of which could have affected his understanding of the questions asked in the deposition. Claimant contended he injured his lower back and left shoulder during the accident and his anxiety and heart-related issues are inconsequential to the injuries suffered in the accident. Claimant argued he was not asserting a claim for anxiety and/or heart-related issues; therefore, appellees did not show that he had made the false statements "willfully." In support of his opposition, claimant attached his workers' compensation dispute form, a portion of his deposition, a medical record from Southern Brain & Spine dated December 12, 2018 (the initial work-related accident form), and a statement from Sebastian Guerra-Mondragon dated May 16, 2018 regarding the date and facts of the work-related accident.

After reviewing the evidence, the OWC judge found claimant violated La. R.S. 23:1208 by willfully making false statements for the purpose of obtaining workers' compensation benefits and granted appellees' motion for summary judgment.

Upon *de novo* review, we find the record on appeal supports appellees' assertion that claimant willfully made false statements for the purpose of obtaining workers' compensation benefits in violation of La. R.S. 23:1208. The statements provided by claimant in his deposition concerning his prior medical conditions are contradicted by significant medical evidence. In his deposition, claimant was asked clear, straightforward questions concerning his prior medical conditions, including anxiety and heart-related issues. Claimant unequivocally testified that he suffered severe anxiety and heart-related issues as a result of the work-related accident and denied any prior diagnosis or treatment for anxiety prior to the accident and

subsequent to his stent in 2007 as to his heart-related issues. We note that an interpreter was used in claimant's deposition wherein the questions were translated from English to claimant's primary language, Spanish. Therefore, we conclude there could have been no confusion or misunderstanding by claimant as to the specific straightforward questions concerning his prior medical conditions. The medical records clearly showed that claimant was diagnosed and treated for anxiety less than two months prior to this work-related accident and was taking anxiety medication at the time of the accident. Additionally, the medical records showed that claimant had received significant medical treatment for heart-related problems since 2007 and until as recently as three months prior to this work-related accident.

Thus, based on the timing of and the extensive prior treatment for anxiety and heart-related issues, claimant could not have forgotten or been mistaken that he previously had those conditions. On the evidence presented, we find there is no genuine issue of material fact that claimant made the false statements willfully with the intent to obtain workers' compensation benefits. Even though he did not claim them on the disputed form, claimant testified in his deposition that they were caused as a result of this work-related accident. Thus it appears that, at the very least, claimant was attempting to support and bolster his claim for injuries to his back and shoulder. Claimant failed to provide any evidence to explain why he made the false statements or to show that a genuine issue of material fact exists. Accordingly, we do not find that the OWC judge erred in granting summary judgment and dismissing claimant's claim.

**DECREE**

For the above stated reasons, we affirm the Office of Workers' Compensation's July 22, 2019 judgment granting summary judgment in favor of Nola Motor Club, LLC, and New York Marine & General Insurance Company and dismissing claimant's claims.

**<u>AFFIRMED</u>**

RAMON RODRIGUEZ                              NO. 19-CA-447

VERSUS                                       FIFTH CIRCUIT

NOLA MOTOR CLUB, L.L.C. AND NEW              COURT OF APPEAL
YORK MARINE & GENERAL
INSURANCE COMPANY
                                             STATE OF LOUISIANA


**WICKER, J., DISSENTS WITH REASONS**

I respectfully dissent and would reverse the ruling of the trial court granting summary judgment to defendant, NOLA Motor Club, L.L.C. and New York Marine & General Insurance Company. In my opinion claimant, Ramon Rodriguez, presented sufficient evidence to create genuine issues of material fact as to whether or not he willfully made false statements to obtain worker's compensation when he stated in his deposition that his work-related accident caused him anxiety and heart-related issues.[1]

Louisiana Revised Statutes 23:1208 authorizes forfeiture of benefits upon proof that: (1) there is a false statement or representation; (2) it is willfully made; and (3) it is made for the purpose of obtaining or defeating any benefit or payment. *Resweber v. Haroil Const. Co.*, 94-2708 (La. 9/5/95), 660 So.2d 7, 12. The party who requests forfeiture under Revised Statutes 23:1208 must show that the employee's statements were not only false but also willfully and deliberately made with the intent to obtain benefits. The burden of proof requires more than a mere showing of

_____
[1] In finding that summary judgment was inappropriate, I express no opinion on the merit of the claim.

19-CA-447                    1

inconsistent statements or inadvertent omissions by the claimant. *Moran v. Rouse's Enterprises, LLC*, 19-239 (La. App. 5 Cir. 12/26/19), 286 So.3d 1245, 1249; *Reid-Lopez v. Alternative Serv. Concept, LLC*, 11-933 (La. App. 5 Cir. 5/22/12), 96 So.3d 537, 539. Because forfeiture of benefits is a harsh remedy, statutory forfeiture must be strictly construed. *Creel v. Am. Pride, Inc.*, 18-1660 (La. App. 1 Cir. 10/1/19), 289 So.3d 575, 577. All of the elements of Revised Statutes 23:1208 must be present before a claimant can be penalized. *Trejo v. Canaan Constr., LLC*, 52,697 (La. App. 2 Cir. 6/26/19), 277 So.3d 499, 509.

An employer has the burden of proving each element within the statute, and the lack of any one of the elements is fatal to the employer's avoidance of liability. *Creel*, 289 So.3d at 577. Furthermore, whether a workers' compensation claimant has forfeited his right to benefits by making "a false statement or representation for the purpose of obtaining benefits" involves inherently factual determinations. *Moran*, 286 So.3d at 1249; *Reid-Lopez*, 96 So.3d at 539.

Claimant alleges that on May 14, 2018, during the course and scope of his employment, he sustained or aggravated an injury to his lower back. He filed his Worker's Compensation Form 1008 Disputed Claim for Compensation on July 17, 2018, seeking indemnity benefits and medical payments, as well as penalties, interest and attorney fees. On December 14, 2018, he amended his Form 1008 to include failure to provide interpreter services during medical appointments. He amended the Form 1008 a second time on February 8, 2019, to allege a claim for failure to authorize physical therapy for his lumbar spine.

In his deposition, he stated that, at the time of the accident, he had pain in his lower back and shoulder. Although the pain in his shoulder resolved, he continued to have pain in his lower back, and this caused him to have difficulty walking. He also stated that his injuries were causing him extreme anxiety and stress, which in turn caused heart and stomach issues. His medical records indicated that he had been treated for anxiety and heart issues in the past, although he denied prior anxiety and heart issues during his deposition. It is important to consider that at no time did Mr. Rodriguez amend his Form 1008 to assert a claim for anxiety or heart issues.

In reviewing the record *de novo*, I find that there are genuine issues of material fact concerning whether the false statements were willfully made (second element), ***for the purpose of obtaining worker's compensation benefits*** (third element), and therefore, the worker's compensation judge erred in rendering judgment. I recognize that the first element, whether the statement made was false, is not in dispute.

The worker's compensation judge found that the false statements were willfully made; however, there was no evidence presented to support this finding. A review of the deposition shows that no one inquired about the reasons for Mr. Rodriguez' false statement. Thus, the judge's comments that Mr. Rodriguez lied to get benefits for an injury not claimed, considering the lack of evidence presented, is speculation.

In *Lopez v. Home Furnishing Store*, 00-31 (La. App. 4 Cir. 10/31/00), 772 So.2d 884, *writ denied*, 00-3253 (La. 1/26/01), 782 So.2d 636, claimant sought medical and indemnity benefits for the period between his on-the-job injury and his reentry into the work force. At trial,

Claimant denied that a subsequent accident—similar to the one at issue in his claim—occurred, although his subsequent employer testified that he had reported being injured in a nearly identical fashion. The employer argued that this misrepresentation was fraud sufficient for claimant to have forfeited his benefits. The worker's compensation court disagreed, explaining that it did not "believe [claimant] understood the workers' compensation laws sufficiently to form the requisite intent to defraud." *Id.* at 888.

Similarly, and contrary to the majority's opinion, I find material issues of fact concerning the requisite intent. Mr. Rodriguez is 69 years old, with very limited English skills. He stated that he had received a high school diploma in Cuba, and that he had taken a correspondence course in auto repair, which he did not finish. The use of an interpreter facilitated questioning at the deposition. These factors are to be considered in determining whether his false statements were willfully made. *Compare*, *Revere v. Dolgencorp, Inc.*, 04-1758 (La. App. 1 Cir. 9/23/05), 923 So.2d 101, 105 (Claimant was 62 years of age and had only achieved a seventh-grade education.).

There are also genuine questions of material fact concerning whether these false statements were made to obtain worker's compensation benefits. The relationship between the false statement and the pending claim will be probative in determining whether the statement was willfully[2] made to obtain benefits. Inadvertent and inconsequential

---

[2] The word "willful" has been defined as "proceeding from a conscious motion of the will; voluntary; knowingly; deliberate; intending the result which actually comes to pass; designed; intentional; purposeful; not accidental or involuntary." *Revere*, 923 So.2d 101, 106; *Grant v. Natchitoches Manor Nursing Home*, 96-1546 (La. App. 3rd Cir. 5/14/97), 696 So.2d 73, 76, *writ denied*, 97-1582 (La. 10/17/97), 701 So.2d 1330.

false statements will not result in the forfeiture of benefits. *Trejo*, 277 So.3d at 509.

Here, the statements made did not concern the injury for which Mr. Rodriguez seeks compensation. In *Ebarb v. Boise Cascade Co.*, 16-94 (La. App. 3 Cir. 7/13/16), 202 So.3d 1087, *writ denied*, 16-1545 (La. 11/18/16), 210 So.3d 285, the claimant was seeking benefits for a back injury. She denied having had prior back and neck problems to her treating physician. The Court of Appeal found that the worker's compensation judge ("WCJ") did not err in finding that the false statements claimant made when denying prior neck and back issues were not made willfully in order to obtain benefits. The court considered several factors surrounding the making of the false statements. With respect to the statement that she never had neck problems, the court pointed out that

> Even after she obtained counsel and filed a disputed claim for compensation on April 30, 2014, she still sought no medical treatment for her neck, and soon thereafter, she abandoned any claim associated with her neck problems. Based on the foregoing, we find that the record supports a finding that it was reasonable for the WCJ to find that Ms. Ebarb's statements denying her prior neck problems, were inadvertent or inconsequential to her present claim for workers' compensation benefits.

In *Raney v. Top Deck, Inc.*, 18-927 (La. App. 3 Cir. 11/13/19), 283 So.3d 639, claimant sought worker's compensation benefits for back injuries sustained while employed. Defendant employer contended that claimant intentionally misrepresented his substance abuse and medical history to obtain disability payments and medical benefits. The court recognized that the use of illegal substances does not itself defeat a worker's compensation claim, and that the employer did not prove that

claimant's false statements were made to obtain worker's compensation benefits. The court stated another reason claimant might have failed to disclose his substance abuse issues: "The record shows that Dr. Williams *may* have decided not to treat Raney had he known that he was using illegal substances." *Id.* at 644. The court then determined that claimant's statements "were inconsequential as they had nothing to do with the injury sustained during the accident nor any pre-existing injury." *Id.*

In this case, Mr. Rodriguez has never made a claim for his anxiety and heart conditions. Furthermore, he has not filed an amendment to his Form 1008 to allege that the accident caused or exacerbated the anxiety and heart condition. Therefore, his claim is limited to his back and shoulder injury, and his statements denying prior heart conditions and anxiety issues might be determined inadvertent or inconsequential.

Summary judgment is only appropriate when there are no genuine issues of material fact, and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. Mr. Rodriguez' deposition testimony fails to establish definitively that "false representations" were "willfully made." The majority opinion infers intent from the circumstances of the proceedings. I would not infer such intent, but find instead that genuine issues of material fact remain, which preclude summary judgment ordering forfeiture or denial of benefits on this basis. *See Revere*, 923 So.2d at 107.

In evaluating the deposition testimony, I cannot determine whether Mr. Rodriguez completely understood the purpose of the deposition and the questions posed. Issues exist as to whether Mr. Rodriguez understood that the deposition was seeking information about his work-related injury only

and intentionally answered deposition questions to obtain additional compensation for injuries outside his claim of back and leg injuries. For these reasons, I would reverse the ruling of the worker's compensation court granting summary judgment in favor of NOLA Motor Club, L.L.C. and New York Marine & General Insurance Company, and remand the matter for further proceedings.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **OCTOBER 5, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
**CLERK OF COURT**

## 19-CA-447

### E-NOTIFIED

OFFICE OF WORKERS' COMPENSATION, DISTRICT 7 (CLERK)
HON. SHANNON BRUNO BISHOP (DISTRICT JUDGE)
ANA MAFALDA MORGADO RODRIGUES     ROBERT J. MAY (APPELLEE)
(APPELLANT)

### MAILED

J. CASEY COWLEY (APPELLANT)
PAMELA C. MCLENDON (APPELLANT)
ROBERT W. GOEKE (APPELLANT)
ATTORNEYS AT LAW
620 NORTH CARROLLTON AVENUE
NEW ORLEANS, LA 70119